■ In the Matter of SAMUEL D.-C., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; SAMUEL C., Respondent. [837 NYS2d 170]—

In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Queens County (Salinitro, J.), dated October 5, 2006, which, after a fact-finding hearing, dismissed the petition, with prejudice.

Ordered that the order is reversed, on the facts, without costs or disbursements, the petition is granted, a finding is made that the father neglected the child Samuel D.-C., and the matter is remitted to the Family Court, Queens County, for a dispositional hearing in accordance herewith.

A "neglected child" is defined as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]). "Although deference should be accorded to the Family Court's appraisal of the credibility of witnesses . . . we nevertheless are free to make our own credibility assessments and, where proper, make a finding of . . . neglect based upon the record before us" (*Matter of Peter R.,* 8 AD3d 576, 579 [2004]; *see Matter of Marc A.,* 301 AD2d 595, 596 [2003]; *Matter of New York City Dept. of Social Servs. v Carmen J.,* 209 AD2d 525, 527 [1994]). Upon review of this record, we conclude that the petitioner satisfactorily demonstrated by a preponderance of the evidence that Samuel D.-C. was a neglected child (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tam-*

*mie Z.,* 66 NY2d 1 [1985]). The record clearly shows that the father left the three-week-old child unattended in an unheated vehicle for approximately 15 minutes. Even the father's version of the facts acknowledges that he was outside the car on a November evening with the heat turned off with the baby completely covered with a blanket. These circumstances depict lack of attention to the special needs of a newborn and, standing alone, constitute neglect. Accordingly, the Family Court improperly dismissed the petition.

In view of our finding of neglect, we remit the matter to the Family Court, Queens County, to fashion an appropriate disposition. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.