■ In the Matter of MELISSA O., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID O., Appellant. [899 NYS2d 637]—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), entered February 20, 2009, as, after a fact-finding hearing, found that he sexually abused his daughter's friend, thereby demonstrating a fundamental lack of parental judgment warranting a finding of neglect with respect to his daughter, and placed him under the supervision of the Suffolk County Department of Social Services pursuant to stated terms and conditions.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

Although a determination of the Family Court with respect to issues of credibility is "entitled to considerable deference on appeal unless clearly unsupported by the record" (*Matter of Samantha B.*, 5 AD3d 590, 591 [2004]), in the instant case, the Family Court's credibility determination is not supported by the record. Upon review of the record of a fact-finding hearing in the Family Court, this Court is free to make its own credibility assessments and overturn the determination of the Family Court if it is not supported by the record (*see Matter of Tristan R.*, 63 AD3d 1075 [2009]; *Matter of Samuel D.-C.*, 40 AD3d 853 [2007]; *Matter of Harvey v Share*, 119 AD2d 823 [1986]). Exercising that authority, we conclude that the complainant's allegations were not supported by the weight of the credible evidence. Therefore, the petition must be denied and the proceeding dismissed.

The parties' remaining contentions need not be addressed in light of our determination. Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.