■ In the Matter of SERENITY S. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant; TYESHA A., Respondent. KEITH S., Nonparty Father. [931 NYS2d 693]—

In this proceeding commenced on February 4, 2011, the petitioner, Commissioner of the Administration for Children's Services (hereinafter the petitioner), alleges that the mother derivatively neglected the subject child, an infant born in January 2011, based upon prior adjudications that the mother, through her drug use, neglected the child's four older siblings,

all of whom are in foster care. The petition alleged that, together with the mother's failure to comply with a drug treatment program, the conduct of the mother that formed the basis of the prior neglect adjudications was so proximate in time to the birth of the child that it could reasonably be concluded that the condition still existed at the time the child was born. The Family Court temporarily released the child to the care of the mother and the nonparty father.

On the evening of March 29, 2011, the mother and father were involved in an altercation at the family shelter where they resided with the child, which prompted the petitioner, on the following day, to move, among other things, pursuant to Family Court Act § 1027 to temporarily remove the child from the custody of the mother and place the child in its custody pending the outcome of the proceeding.

At a hearing conducted pursuant to Family Court Act § 1027, the Family Court declined to take judicial notice of the prior neglect adjudications against the mother. Also at the hearing, a shelter supervisor and the mother gave widely disparate accounts of the March 29th incident at the shelter regarding, among other things, the mother's conduct, whether the mother was physically aggressive and intoxicated while carrying the child, whether the child was appropriately clothed, and whether the mother brought appropriate provisions for the child when the mother abruptly left the shelter with the child that evening. At the conclusion of the hearing, the Family Court found credible the testimony of both the shelter supervisor and the mother, despite their starkly contrasting versions of the March 29th incident. In the order appealed from, the Family Court, inter alia, denied that branch of the petitioner's motion which was to temporarily remove the child from the custody of the mother and place the child in its custody pending the outcome of the proceeding. We reverse the order insofar as appealed from.

The Family Court erred in declining to take judicial notice of the prior orders of neglect against the mother with respect to the child's four older siblings (*see* Family Ct Act § 1046 [a] [i]; *Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 80 [1995]; *Matter of Keira O.*, 44 AD3d 668, 671 [2007]; *Matter of Esther II.*, 249 AD2d 848, 849 [1998]; *Matter of Nassau County Dept. of Social Servs. v Laquetta H.*, 191 AD2d 567, 568 [1993]).

A credibility assessment of a hearing court is accorded considerable deference on appeal unless it lacks a sound and substantial basis in the record (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Sadiq H. [Karl H.]*, 81 AD3d 647 [2011];

*Matter of Andrew B. [Deborah B.]*, 73 AD3d 1036 [2010]; *Matter of Jennifer R.*, 29 AD3d 1003 [2006]). Where, as here, the Family Court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court (*see Matter of Chanyae S. [Rena W.]*, 82 AD3d 1247 [2011]; *Matter of Melissa O. [David O.]*, 73 AD3d 783 [2010]; *Matter of Samuel D.-C.*, 40 AD3d 853, 853-854 [2007]).

Upon review of the record, we conclude that, in light of the four prior neglect adjudications against the mother, and the shelter supervisor's hearing testimony indicating that, during the March 29th incident at the shelter, the mother was physically aggressive and intoxicated while carrying the child, the petitioner met its burden of establishing, by a preponderance of the evidence, that the child's life or health would be at imminent risk unless she were removed from the custody and care of the mother during the pendency of this proceeding (*see* Family Ct Act § 1027 [a], [b], [d]; *Nicholson v Scoppetta*, 3 NY3d 357, 368-370 [2004]). Moreover, the evidence adduced at the hearing demonstrated that, during the pendency of this proceeding, the imminent risk to the child's life or health could not be mitigated by reasonable efforts short of removal (*see Nicholson v Scoppetta*, 3 NY3d at 378; *Matter of Jesse J.*, 64 AD3d 598, 599-600 [2009]).

Accordingly, the Family Court should have granted that branch of the petitioner's motion which was pursuant to Family Court Act § 1027 to temporarily remove the child from the custody of the mother and place the child in its custody pending the outcome of the proceeding. Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.