In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Beckoff, J.), dated March 8, 2013, which, after a hearing pursuant to Family Court Act § 1027, in effect, granted the parents’ application to parole the subject child to their custody under the petitioner’s supervision, pending determination of the petition. By decision and order on motion of this Court dated March 18, 2013, enforcement of the order was stayed pending hearing and determination of the appeal.
Ordered that the order is reversed, on the facts, without costs or disbursements, the parents’ application is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
Following a hearing conducted pursuant to Family Court Act § 1027, at which the parents testified, the Family Court directed that the subject child be paroled to the parents’ custody under the petitioner’s supervision, pending the determination of the proceeding. The petitioner appeals.
A credibility assessment of a hearing court is accorded considerable deference on appeal unless it lacks a sound and *926 substantial basis in the record (see Matter of Irene O., 38 NY2d 776 [1975]; Matter of Sadiq H. [Karl H.], 81 AD3d 647 [2011]; Matter of Andrew B. [Deborah B.], 73 AD3d 1036 [2010]; Matter of Jennifer R., 29 AD3d 1003 [2006]). Where, as here, the Family Court’s credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court (see Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 739 [2011]; Matter of Chanyae S. [Rena W.], 82 AD3d 1247 [2011]; Matter of Melissa O. [David O.], 73 AD3d 783 [2010]).
Upon our review of the record, we conclude that in light of, among other things, the subject child’s age and the documented history of the parents’ drug use, the child’s life or health would be at imminent risk if he were released to the custody and care of his parents during the pendency of this proceeding (see Family Ct Act § 1027 [a], [b], [d]; Nicholson v Scoppetta, 3 NY3d 357, 368-370 [2004]). Moreover, the evidence adduced at the hearing demonstrated that, during the pendency of this proceeding, the imminent risk to the child’s life or health could not be mitigated by reasonable efforts short of removal (see Nicholson v Scoppetta, 3 NY3d at 378). Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.