■ In the Matter of JUSTIN R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GILBERT R., JR., Appellant. (Proceeding No. 1.) In the Matter of JOSEPH R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; GILBERT R., JR., Appellant. (Proceeding No. 2.) [7 NYS3d 232]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Steven Z. Mostofsky, J.), dated July 17, 2013. The order, after fact-finding and dispositional hearings, found that the father neglected the subject children, and released the subject children to the custody of the father with supervision by the Administration for Children's Services for a period of three months.

Ordered that the appeal from so much of the order of fact-finding and disposition as released the children to the custody of the father with supervision by the Administration for Children's Services for a period of three months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is mod-

ified, on the law, by deleting the provision thereof finding that the father neglected the children by failing to take the steps necessary for the subject child Joseph to be placed in a special private school; as so modified, the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition as released the children to the custody of the father with three months of supervision by the Administration for Children's Services must be dismissed as academic, as that portion of the order expired by its own terms (*see Matter of Joshua P. [David J.]*, 111 AD3d 836, 837 [2013]; *Matter of Trenasia J. [Frank J.]*, 107 AD3d 992 [2013], *lv granted* 22 NY3d 859 [2014]; *Matter of Ndeye D. [Benjamin D.]*, 85 AD3d 1026 [2011]).

Contrary to the father's contention, the Family Court's finding of neglect based on his failure to meet the children's educational needs up to the date of the petition was supported by a preponderance of the evidence. The unrebutted evidence submitted at the fact-finding hearing established that both children suffered excessive school absences and tardiness without reasonable justification (*see Matter of Khalil M. [Ebony A.]*, 94 AD3d 1003 [2012]; *Matter of Aliyah B. [Denise J.]*, 87 AD3d 943 [2011]; *Matter of Mariah C. [Frey C.-M.]*, 84 AD3d 1372 [2011]).

However, since the petition did not allege that the father neglected the children by failing to complete the paperwork necessary for the subject child Joseph to be placed in a special private school at the start of the 2012/2013 school year, and the petition was not properly amended in accordance with Family Court Act § 1051 (b), the Family Court's finding that the father neglected the subject children on that ground was improper (*see Matter of Joseph O.*, 28 AD3d 562 [2006]; *Matter of Stephanie R.*, 21 AD3d 417, 418 [2005]; *see also Matter of Vallery P. [Jondalla P.]*, 106 AD3d 575 [2013]; *Matter of Aiden XX. [Jesse XX.]*, 104 AD3d 1094 [2013]).

The father's remaining contentions are without merit. Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.