■ In the Matter of Sha-Naya M.S.C. Administration for Children's Services, Respondent; Derrick C., Appellant. (Proceeding No. 1.) In the Matter of Kevin D.C. Administration for Children's Services, Respondent; Derrick C., Appellant. (Proceeding No. 2.) In the Matter of Keon S.C. Administration for Children's Services, Respondent; Derrick C., Appellant. (Proceeding No. 3.) [13 NYS3d 502]—

Appeals from (1) two orders of fact-finding of the Family

Court, Queens County (Fran L. Lubow, J.), dated December 18, 2013, and December 19, 2013, respectively, and (2) two orders of disposition of that court, both dated April 9, 2014. The order of fact-finding dated December 18, 2013, found that the father abused the child Sha-Naya M.S.C. The order of fact-finding dated December 19, 2013, found that the father derivatively neglected the children Kevin D.C. and Keon S.C. The first order of disposition placed the child Sha-Naya M.S.C. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The second order of disposition released the children Kevin D.C. and Keon S.C. to the care of the father under the supervision of the Administration for Children's Services for a period of six months.

Ordered that the appeals from the orders of fact-finding are dismissed, without costs or disbursements, as the orders of fact-finding were superseded by the orders of disposition, and are brought up for review on the appeals from the orders of disposition; and it is further,

Ordered that the appeals from so much of the orders of disposition as placed Sha-Naya M.S.C. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and released the children Kevin D.C. and Keon S.C. to the care of the father under the supervision of the Administration for Children's Services for a period of six months, are dismissed, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the orders of disposition as placed Sha-Naya M.S.C. in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing and released Kevin D.C. and Keon S.C. to the care of the father under the supervision of the Administration for Children's Services for a period of six months must be dismissed as academic, as those portions of the orders have expired (*see Matter of Kyra S. [Kirtan D.S.]*, 128 AD3d 970 [2015]; *Matter of Justin R. [Gilbert R.]*, 127 AD3d 758 [2015]).

The Family Court's finding that the father sexually abused his daughter Sha-Naya M.S.C. is supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law §§ 130.00 [3], [10]; 130.52, 130.55, 130.60, 130.65, 130.80). The evidence at the fact-finding hearing established that in 2012, then-9-year-old Sha-Naya M.S.C.

made consistent, detailed out-of-court statements to several individuals describing incidents of sexual abuse by the father that had occurred regularly since she was six years old. Her out-of-court statements were corroborated by, inter alia, the testimony of her adult sister that the father had sexually abused her in a similar manner years earlier, which the Family Court did not err in admitting into evidence (*see* Family Ct Act § 1046 [a] [i], [vi]; *Matter of Melody H. [Dwayne H.]*, 121 AD3d 686, 687 [2014]; *Matter of Leah R. [Miguel R.]*, 104 AD3d 774 [2013]; *Matter of Astrid C.*, 43 AD3d 819, 821 [2007]; *Matter of Beverly R.*, 38 AD3d 668, 670 [2007]).

While a finding of sexual abuse of one child does not, by itself, establish that other children in the household have been derivatively neglected (*see Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1013 [2012]; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1177 [2010]), here, the father's sexual abuse of Sha-Naya M.S.C. evinced a flawed understanding of his duties as a parent and impaired parental judgment sufficient to support the Family Court's finding of derivative neglect of Kevin D.C. and Keon S.C. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Monica C.M. [Arnold A.]*, 107 AD3d 996, 997 [2013]; *Matter of Trenasia J. [Frank J.]*, 107 AD3d 992, 993-994 [2013], *affd* 25 NY3d 1001 [2015]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.