■ In the Matter of JASMINE W. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MICHAEL J. et al., Respondents. (Proceeding No. 1.) In the Matter of JAYLEN J. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MICHAEL J. et al., Respondents. (Proceeding No. 2.) In the Matter of JALISA H. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MICHAEL J. et al., Respondents. (Proceeding No. 3.) In the Matter of JADA W. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MICHAEL J. et al., Respondents. (Proceeding No. 4.) [18 NYS3d 636]—Appeal from an order of the Family Court, Kings County (Alan Beckoff, J.), dated December 3, 2014. The order, after a hearing, denied those branches of the amended petitions of the Administration for Children's Services which were to remand the subject children to its care and custody. By decision and order on motion dated December 22, 2014, this Court granted the petitioner's motion to stay enforcement of so much of the

order as directed the remand of the children Jasmine W., Jalisa H., and Jaylen J. to the respondent Michael J.

Ordered that the order is reversed, on the facts, without costs or disbursements, those branches of the amended petitions of the Administration for Children's Services which were to remand the subject children to its care and custody are granted, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

A credibility assessment of a hearing court is accorded considerable deference on appeal unless it lacks a sound and substantial basis in the record (see Matter of Irene O., 38 NY2d 776 [1975]; Matter of Arthur G. [Tiffany M.], 112 AD3d 925, 925-926 [2013]; Matter of Sadiq H. [Karl H.], 81 AD3d 647 [2011]; Matter of Andrew B. [Deborah B.], 73 AD3d 1036 [2010]; Matter of Jennifer R., 29 AD3d 1003, 1004 [2006]). Where, as here, the Family Court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court (see Matter of Arthur G. [Tiffany M.], 112 AD3d at 926; Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 739 [2011]; Matter of Chanyae S. [Rena W.], 82 AD3d 1247 [2011]; Matter of Melissa O. [David O.], 73 AD3d 783 [2010]).

Upon our review of the record, we conclude that in light of, among other things, the history of the respondents' drug use, violence, and mental health issues, the children's lives or health would be at imminent risk if they were released to the custody and care of the mother and Michael J. during the pendency of these proceedings (see Family Ct Act § 1027 [a], [b], [d]; Nicholson v Scoppetta, 3 NY3d 357, 368-370 [2004]). Moreover, the evidence adduced at the hearing demonstrated that, during the pendency of these proceedings, the imminent risk to the children's lives or health could not be mitigated by reasonable efforts short of removal from the respondents' care and custody (see Nicholson v Scoppetta, 3 NY3d at 378). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.