■ In the Matter of VARINDER S., Petitioner, v SATWINDER S. et al., Respondents. LOVEPREET S., Nonparty Appellant. [47 NYS3d 76]—

Appeal by the nonparty child from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated February 23, 2016. The order, after a hearing, denied the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

·Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the child's motion for the issuance of an order, inter alia, making specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) is granted, and it is found that reunification of the subject child with one or both of his parents is not viable due to parental abandonment, and that it would not be in his best interests to return to India, his previous country of nationality and last habitual residence.

In March 2015, Varinder S. (hereinafter the petitioner) filed a petition pursuant to Family Court Act article 6 to be appointed guardian of Lovepreet S. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to parental abandonment, and that it would not be in his best interests to be returned to India, his previous country of nationality and country of last habitual residence, so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the child moved for the issuance of an order making the requisite declaration and specific findings so as to enable him to petition for SIJS. In an order dated February 23, 2016, made after a hearing, the Family Court denied the motion, finding that the child failed to establish that reunification with one or both of his parents was not viable due to parental abandonment and that it would be contrary to his best interests to be returned to India.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to

qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her previous country of nationality or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Based upon our independent factual review, we find that reunification of the child with one or both of his parents is not a viable option due to parental abandonment (*see Matter of Anibal H. [Maria G.G.H.]*, 138 AD3d 841, 843 [2016]), and that it would not be in his best interests to return to India (*see Matter of Miguel C.-N. [Hosman C.-N.—Cruz Ermelinda C.-N.]*, 119 AD3d 562, 563 [2014]).

Accordingly, the Family Court should have granted the child's motion for the issuance of an order, inter alia, making the requisite specific findings so as to enable him to petition for SIJS. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that reunification of the child with one or both of his parents is not viable due to parental abandonment, and that it would not be in his best interests to return to India, his previous country of nationality and last habitual residence (*see Matter of Carlos A.M. v Maria T.M.*, 141 AD3d 526, 528-529 [2016]). Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.