■ In the Matter of WILSON A.T.Z., Nonparty Appellant. JOSE M.T.G., Petitioner; MANUELA Z.M., Respondent. [48 NYS3d 415]—

Appeal by the nonparty child from an order of the Family Court, Queens County (Nicolette M. Pach, J.H.O.), dated March 1, 2016. The order, after a hearing, in effect, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the facts, without costs or disbursements, the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the nonparty child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) is granted, it is declared that the child is dependent on the Family Court, and it is found that he is unmarried and under 21 years of age, that reunification with one of his parents is not viable due to parental neglect, and that it would not be in his best interests to return to Ecuador, his previous country of nationality and last habitual residence.

In September 2014, the petitioner filed a petition pursuant to Family Court Act article 6 to be appointed the guardian of his son, the nonparty child, Wilson A.T.Z. (hereinafter the child), for the purpose of obtaining an order declaring that the child is dependent on the Family Court and making specific findings that he is unmarried and under 21 years of age, that reunification with one or both of his parents is not viable due to abandonment or neglect, and that it would not be in his best interests to be returned to Ecuador, his previous country of nationality and last habitual residence, so as to enable him to

petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). Thereafter, the petitioner moved for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. Following a hearing, the Family Court, inter alia, determined that the child was under 21 years of age, unmarried, and dependent on the Family Court, and that it would not be in his best interests to be returned to Ecuador. However, the court, in effect, denied the motion on the ground that the petitioner failed to establish that reunification of the child with one or both of his parents was not viable due to parental abuse, neglect, abandonment, or similar circumstances. The child appeals. We reverse.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121 AD3d 892, 893 [2014]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.]*, 121 AD3d at 893; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Based upon our independent factual review, we find that the record fully supports the petitioner's contention that, because the child's mother neglected him, reunification with the mother is not a viable option (*see Matter of Gabriela Y.U.M. [Palacios]*, 119 AD3d 581, 583 [2014]; *Matter of Miguel C.-N. [Hosman C.-N.—Cruz Ermelinda C.-N.]*, 119 AD3d 562, 564 [2014]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620). Contrary to the Family Court's determination, the record demonstrated that the physical, mental, or emotional condition of the child

had been impaired or was in imminent danger of becoming impaired as a result of the failure of the mother to exercise a minimum degree of care "in supplying the child with adequate food, clothing, shelter or education . . . though financially able to do so or offered financial or other reasonable means to do so" (Family Ct Act § 1012 [f] [i] [A]). Indeed, the petitioner's testimony at the hearing demonstrated that although the mother received financial assistance to provide for the child's clothing and education, the mother failed to use such assistance for the child's benefit. The child's testimony corroborated the petitioner's testimony in this respect.

Accordingly, the Family Court should have granted the petitioner's motion for the issuance of an order making the requisite declaration and specific findings so as to enable the child to petition for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, the petitioner's motion is granted, we declare that the child is dependent on the Family Court, and we find that the child is unmarried and under 21 years of age, that reunification with one of his parents is not viable due to parental neglect, and that it would not be in his best interests to return to Ecuador (*see Matter of Anibal H. [Maria G.G.H.]*, 138 AD3d 841, 843 [2016]; *Matter of Tommy E.H. [Silvia C.]*, 134 AD3d 840, 842 [2015]). Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.