■ In the Matter of Palwinder K., Appellant, v Kuldeep K. et al., Respondents. [50 NYS3d 518]—

Appeal by the petitioner from an order of the Family Court,

Queens County (Marilyn J. Moriber, Ct. Atty. Ref.), dated January 8, 2016. The order, after a hearing, denied the petitioner's motion for the issuance of an order making specific findings so as to enable the subject child, Lovepreet S., to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J).

Ordered that the order is reversed, on the facts, without costs or disbursements, the petitioner's motion for the issuance of an order making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101 (a) (27) (J) is granted, and it is found that reunification of the subject child with one or both of his parents is not viable due to parental neglect, and that it would not be in his best interests to return to India, his previous country of nationality and last habitual residence.

In February 2015, the petitioner filed a petition pursuant to Family Court Act article 6 to be appointed the guardian of Lovepreet S. (hereinafter the child), who was born in India. The petitioner subsequently moved for the issuance of an order making the findings necessary for the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101 (a) (27) (J). The petitioner's motion sought specific findings that the child was under 21 years of age and unmarried, that he was dependent upon the Family Court, that reunification with one or both of his parents was not viable due to parental abuse, neglect, or abandonment, and that it would not be in his best interests to be returned to India. At the conclusion of a hearing, the Family Court granted the guardianship petition. However, the court denied the petitioner's motion on the ground that she failed to establish that reunification of the child with one or both of his parents was not viable due to parental abuse, neglect, or abandonment.

Pursuant to 8 USC § 1101 (a) (27) (J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for special immigrant juvenile status, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental

abuse, neglect, abandonment, or a similar basis found under state law (*see* 8 USC § 1101 [a] [27] [J] [i]; *Matter of Wilson A.T.Z. [Jose M.T.G.—Manuela Z.M.]*, 147 AD3d 962 [2d Dept 2017]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d 619, 620 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d 793, 795 [2010]), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (*see* 8 USC § 1101 [a] [27] [J] [ii]; 8 CFR 204.11 [c] [6]; *Matter of Maria P.E.A. v Sergio A.G.G.*, 111 AD3d at 620; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 795).

Based upon our independent factual review, we conclude that the record supports a finding that reunification of the child with one or both of his parents is not a viable option based upon parental neglect, which includes the infliction of excessive corporal punishment and requiring the child to begin working at the age of 12 instead of attending school on a regular basis (*see Matter of Ena S.Y. [Martha R.Y.—Antonio S.]*, 140 AD3d 778, 780 [2016]; *Matter of Mohamed B.*, 83 AD3d 829, 832 [2011]; *Matter of Alamgir A.*, 81 AD3d 937, 938-939 [2011]). The record further supports a finding that it would not be in the best interests of the child to return to India (*see Matter of Varinder S. v Satwinder S.*, 147 AD3d 854 [2d Dept 2017]; *Matter of Marcelina M.-G. v Israel S.*, 112 AD3d 100, 114-115 [2013]; *Matter of Trudy-Ann W. v Joan W.*, 73 AD3d at 796).

Accordingly, the Family Court should have granted the petitioner's motion for the issuance of an order making the requisite findings so as to enable the child to petition for SIJS. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that reunification of the child with one or both of his parents is not viable due to parental neglect, and that it would not be in his best interests to return to India, his previous country of nationality and habitual residence (*see Matter of Varinder S. v Satwinder S.*, 147 AD3d 854). Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.