Matter of William J.B. v Dayna L.S. (2018 NY Slip Op 00774)





Matter of William J.B. v Dayna L.S.


2018 NY Slip Op 00774


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.


1547 CAF 16-01565

[*1]IN THE MATTER OF WILLIAM J.B., JR., PETITIONER-RESPONDENT,
v
DAYNA L.S., RESPONDENT-APPELLANT. 






PAUL A. NORTON, CLINTON, FOR RESPONDENT-APPELLANT. 
PAUL M. DEEP, UTICA, FOR PETITIONER-RESPONDENT.
PAUL SKAVINA, ATTORNEY FOR THE CHILD, ROME.


 Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered August 17, 2016 in a proceeding pursuant to Family Court Act article 6. The order modified a prior custody order by awarding primary physical custody of the parties' daughter to petitioner, with supervised visitation with respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that modified a prior custody order by awarding petitioner father primary physical custody of the parties' daughter, with supervised visitation with the mother. Contrary to the mother's contention, Family Court did not abuse its discretion in determining that the daughter's out-of-court statements describing her alleged sexual abuse by the mother's boyfriend were sufficiently corroborated.
Family Court Act § 1046 (a) (vi) provides that a child's "previous statements . . . relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect." Corroboration may be provided by "[a]ny other evidence tending to support the reliability of [the child's] previous statements" (id.). Although section 1046 is applicable to child protective proceedings, we have routinely applied its provisions as "an exception to the hearsay rule in custody cases involving allegations of abuse and neglect . . . where . . . the statements are corroborated" (Matter of Mateo v Tuttle, 26 AD3d 731, 732 [4th Dept 2006] [internal quotation marks omitted]; see Matter of Ordona v Campbell, 132 AD3d 1246, 1247 [4th Dept 2015]; Matter of Sutton v Sutton, 74 AD3d 1838, 1840 [4th Dept 2010]).
Here, corroboration was provided by the daughter's " age-inappropriate knowledge of sexual conduct' . . . , which demonstrated specific knowledge of sexual activity' " (Matter of Briana A., 50 AD3d 1560, 1560 [4th Dept 2008]; see Matter of Shardanae T.-L. [Bryan L.], 78 AD3d 1631, 1631 [4th Dept 2010]; Matter of Breanna R., 61 AD3d 1338, 1340 [4th Dept 2009]). Moreover, the daughter's statements described unique sexual conduct that the boyfriend engaged in with the daughter, and the father submitted evidence that the mother and her boyfriend had admitted that the boyfriend engaged in such conduct with the mother during their sexual relations (see Matter of Sha-Naya M.S.C. [Derrick C.], 130 AD3d 719, 721 [2d Dept 2015]; Matter of Leah R. [Miguel R.], 104 AD3d 774, 774 [2d Dept 2013]; see generally People v Brewer, 129 AD3d 1619, 1620 [4th Dept 2015], affd 28 NY3d 271 [2016]).
Contrary to the mother's remaining contention, the court's determination to award primary physical custody of the child to the father with supervised visitation with the mother is [*2]supported by a sound and substantial basis in the record (see Matter of Voorhees v Talerico, 128 AD3d 1466, 1466-1467 [4th Dept 2015], lv denied 25 NY3d 915 [2015]; see generally Matter of Cobane v Cobane, 57 AD3d 1320, 1321-1322 [3d Dept 2008], lv denied 12 NY3d 706 [2009]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court