Matter of Dennis X. G. D. V. (2018 NY Slip Op 01073)





Matter of Dennis X. G. D. V.


2018 NY Slip Op 01073


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-10296 ON MOTION
 (Docket No. G-8613-15)

[*1]In the Matter of Dennis X. G. D.. (Anonymous), appellant. DECISION & ORDER Motion by the appellant, inter alia, for leave to reargue an appeal from an order of the Family Court, Queens County, dated August 22, 2016, which was determined by decision and order of this Court dated August 9, 2017. Upon the papers filed in support of the motion and no papers having been filed in opposition or in relation thereto, it is ORDERED that the motion is granted to the extent that leave to reargue is granted, and upon reargument, the decision and order of this Court dated August 9, 2017, is recalled and vacated, the following decision and order is substituted therefor, nunc pro tunc to August 9, 2017, and the motion is otherwise denied:

Fried, Frank, Harris, Shriver & Jacobson, LLP, New York, NY (Jennifer L. Colyer and Michael P. Sternheim of counsel), for appellant.
Appeal by the child from an order of the Family Court, Queens County (Nicolette M. Pach, J.H.O.), dated August 22, 2016. The order, insofar as appealed from, upon renewal and reargument, adhered to the original determination in a prior order of that court dated March 29, 2016, in effect, denying that branch of the child's motion which was for a specific finding that reunification of the child with one or both of his parents is not viable due to parental neglect.
ORDERED that the order dated August 22, 2016, is reversed insofar as appealed from, on the facts, without costs or disbursements, upon renewal and reargument, the determination in the order dated March 29, 2016, in effect, denying that branch of the child's motion which was for a specific finding that reunification of the child with one or both of his parents is not viable due to parental neglect is vacated, that branch of the motion is granted, it is found that reunification of the child with one or both of his parents is not viable due to parental neglect, and the matter is remitted to the Family Court, Queens County, for the entry of an order making the requisite declaration and specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status, which includes the finding that reunification of the child with one or both of his parents is not viable on the ground of parental neglect.
In April 2015, Dennis X.G.D.V. (hereinafter the child) filed a petition pursuant to Family Court Act article 6 for the father to be appointed as his guardian. The child subsequently [*2]moved for the issuance of an order making the requisite declaration and specific findings so as to enable him to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). In an order dated March 29, 2016, made after a hearing, the Family Court found that the child was under 21 years of age, unmarried, and dependent on the court, and that it would not be in his best interests to be returned to El Salvador, his previous country of nationality and last habitual residence. However, the court, in effect, denied that branch of the child's motion which was for a specific finding that reunification of the child with one or both of his parents is not viable on the ground of parental neglect. Thereafter, the child moved for leave to renew and reargue that branch of his prior motion. In an order dated August 22, 2016, the court, upon renewal and reargument, adhered to the original determination in the order dated March 29, 2016.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 U.S. Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who, inter alia, is under 21 years of age, is unmarried, and has been legally committed to, or placed under the custody of, an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Marvin E.M. de P. [Milagro C.C—Mario Enrique M.G.], 121 AD3d 892, 893; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d at 893; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
While the credibility assessment of a hearing court is accorded considerable deference on appeal (see Matter of Arthur G. [Tiffany M.], 112 AD3d 925, 926; Matter of Marte v Biondo, 104 AD3d 947; Matter of Aranova v Aranov, 77 AD3d 740, 741), where, as here, the Family Court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court (see Matter of Jasmine W. [Michael J.], 132 AD3d 774, 775; Matter of Arthur G. [Tiffany M.], 112 AD3d at 926; Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 739). Based upon our independent factual review, we conclude that the record supports a finding that reunification of the child with his mother is not a viable option based upon parental neglect. The record reflects that the mother failed to meet the educational needs of the child (see Matter of Wilson A.T.Z. [Jose M.T.G.—Manuela Z.M.], 147 AD3d 962, 963). The child testified that, although he was prevented from attending school by gang members who beat him while walking to school, the mother did not arrange for transportation, which was within her financial means, but instead, told him to stay home. Additionally, the child was expelled from one school due to excessive tardiness, and he failed the seventh grade (see id.; see also Matter of Kiamal E. [Kim R.], 139 AD3d 1062, 1063; Matter of Justin R. [Gilbert R.], 127 AD3d 758, 759). Further, the mother did not provide adequate supervision, often leaving the then eight-year-old child home alone at night in the neighborhood where he had encountered the gang violence (see Matter of Alan B., 267 AD2d 306, 307).
The child's remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the Family Court should have, upon renewal and reargument, granted that branch of the child's motion which was for a specific finding that reunification with one or both of his parents is not viable on the ground of parental neglect. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that reunification of the child with one or both of his parents is not viable due to parental neglect (see Matter of Varinder S. v Satwinder S., 147 AD3d 854, 856).
ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
BALKIN, J.P., dissents, and votes to affirm the order insofar as appealed from, with the following memorandaum:
Under 8 USC § 1101(a)(27)(J), as amended, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court (see Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795). For juveniles to qualify for special immigrant juvenile status, courts must find that their reunification with one or both parents is not viable due to, among other things, parental abuse, neglect, or abandonment, and that it would not be in their best interests to be returned to their native country (see Matter of Marvin E. M. de P. [Milagro C. C.—Mario Enrique M. G.], 121 AD3d 892, 893; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795; 8 USC § 1101[a][27][J]; 8 CFR 204.11[c][6]).
Here, the Family Court, upon renewal and reargument, declined to find that the mother abandoned, neglected, or abused the child. The court's finding rested, in large part, on its determination that the child was not credible. Although we have the power to conduct our own "independent factual review," we generally accord deference to the Family Court's credibility determinations and are reluctant to disturb them unless they are clearly unsupported by the record (see Matter of Porter v Moore, 149 AD3d 1082, 1083; Matter or Andrew R. [Andrew R.], 146 AD3d 709, 710; Matter of Brandon V., 133 AD3d 769, 769-770). I find no basis on this record to reject the court's credibility determinations, which the court explained in detail, both in its original determination of March 29, 2016, and in its order upon renewal and reargument dated August 22, 2016. Moreover, even aside from the court's credibility determinations as to the child, I agree with the court's well-founded conclusion that the mother has always been, and continues to be, a resource for her son.
Accordingly, I would affirm that part of the Family Court's order as declined to find that reunification of the child with his mother is not viable on the basis of neglect, abandonment, or abuse (see Matter of Christian P.S.-A. [Humberto R. S.-B.—Laura S.A.-C.], 148 AD3d 1032, 1034).
ENTER:
Aprilanne Agostino
Clerk of the Court