Matter of Alan S.M.C. (2018 NY Slip Op 02459)





Matter of Alan S. M. C.


2018 NY Slip Op 02459


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-02960
2018-02961
 (Docket Nos. G-3144-18/18A, G-3145-18/18A)

[*1]In the Matter of Alan S. M. C. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Diego A. M. C. (Anonymous), appellant. (Proceeding No. 2)


Make The Road New York, Jackson Heights, NY (Yasmine Farhang, Luis Batista, and Paul, Weiss, Rifkind, Wharton & Garrison LLP [Jacqueline P. Rubin, Ross A. Wilson, Stephen B. Popernik, and Mary C. Spooner], of counsel), for appellants.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the child Alan S. M. C. appeals from an order of the Family Court, Queens County (Robert I. Caloras, J.), dated March 2, 2018, and the child Diego A. M. C. separately appeals from a second order of the same court, also dated March 2, 2018. The orders, insofar as appealed from, upon reargument, adhered to an original determination in an order of the same court dated February 26, 2018, dismissing guardianship petitions, and denied the children's separate motions for the issuance of an order, inter alia, making specific findings so as to enable each of them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders dated March 2, 2018, are reversed insofar as appealed from, on the law and the facts, without costs or disbursements, upon reargument, the determination in the order dated February 26, 2018, dismissing the guardianship petitions, is vacated, the petitions are reinstated and granted, the mother is appointed as the guardian of the children, the motions of the children for the issuance of an order, inter alia, making specific findings so as to enable them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) are granted, it is declared that the children are dependent on a juvenile court, and it is found that the children are unmarried and under 21 years of age, that reunification with their respective fathers is not viable due to parental abandonment, and that it would not be in their best interests to return to Mexico, their previous country of nationality and last habitual residence.
In February 2018, the subject children each filed a petition pursuant to Family Court Act article 6 to appoint the mother as their guardian, for the purpose of obtaining an order, inter alia, making specific findings that they are unmarried and under 21 years of age, that reunification with the father of each child is not viable due to parental abandonment, and that it would not be in their best interests to be returned to Mexico, their previous country of nationality and last habitual residence, so as to enable them to petition the United States Citizenship and Immigration Services [*2]for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). The children also separately moved for the issuance of an order making the requisite declaration and specific findings so as to enable each of them to petition for SIJS. In an order dated February 26, 2018, the Family Court dismissed the guardianship petitions on the ground that the mother "does not have legal status in this country," and thus, did not constitute a New York domiciliary, as required to be appointed guardian.
Thereafter, the children separately moved, among other things, for leave to reargue with respect to the order dated February 26, 2018. In two orders, both dated March 2, 2018 (one as to each child), the Family Court, inter alia, upon reargument, adhered to its original determination in the order dated February 26, 2018, dismissing the petitions, and denied the children's motions for the issuance of an order, inter alia, making specific findings so as to enable them to petition for SIJS. The children appeal from the orders dated March 2, 2018.
Under the circumstances of this case, the Family Court improperly dismissed the guardianship petitions. Contrary to the court's determination, the mother was not required to demonstrate that she has "legal status in this country" or had taken steps to obtain such status to qualify as a guardian. "[D]omicile means living in [a] locality with intent to make it a fixed and permanent home" (Chen v Guo Liang Lu, 144 AD3d 735, 737 [internal quotation marks omitted; emphasis added]; see SCPA 103[15]). An individual's lack of lawful status in the United States is "immaterial to the issue of his [or her] domicile and, therefore, his [or her] eligibility to receive letters [of guardianship]" (Matter of Lafontant, 161 Misc 2d 840, 841 [Sur Ct, Rockland County]; see also Plyler v Doe, 457 US 202, 227 n 22; Jacoubovitch v Jacoubovitch, 279 App Div 1027; Taubenfeld v Taubenfeld, 276 App Div 873, 874). Here, notwithstanding the mother's immigration status, the record demonstrates her intent to permanently reside in New York State. Thus, the mother cannot be deemed a "non-domiciliary alien" who is ineligible to receive letters of guardianship (SCPA 707[1][c]). Further, upon our independent factual review, we find that the best interests of the children would be served by the appointment of the mother as their guardian (see Matter of Axel S.D.C. v Elena A.C., 139 AD3d 1050, 1051; Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 689).
Furthermore, the Family Court should have granted the children's motions for the issuance of an order making the requisite declaration and specific findings so as to enable them to petition for SIJS. Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a "special immigrant" is a resident alien who is, inter alia, under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a juvenile to qualify for SIJS, a court must find that reunification of the juvenile with one or both of the juvenile's parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d 892, 893; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the juvenile's best interests to be returned to his or her native country or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Marvin E.M. de P. [Milagro C.C.—Mario Enrique M.G.], 121 AD3d at 893; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
Here, the children are under 21 years of age and unmarried, and since we have appointed the mother as the children's guardian, the children are dependent on a juvenile court within the meaning of 8 USC § 1101(a)(27)(J)(i) (see Matter of Silvia N.P.L. v Estate of Jorge M.N.P., 141 AD3d 656, 657; Matter of Axel S.D.C. v Elena A.C., 139 AD3d at 1052). Further, based upon our independent factual review, we conclude that the record supports a finding that reunification of the children with their respective fathers is not a viable option due to parental abandonment (see Matter of Diaz v Munoz, 118 AD3d 989, 991). The record also supports a finding that it would not be in the best interests of the children to return to Mexico (see Matter of Palwinder K. v Kuldeep K., 148 AD3d 1149, 1151; Matter of Wilson A.T.Z. [Jose M.T.G.—Manuela Z.M.], 147 AD3d 962, 964).
Accordingly, the Family Court should have granted the guardianship petitions and the children's motions for the issuance of an order making the requisite declaration and specific findings so as to enable them to petition for SIJS. Inasmuch as the record is sufficient for this Court to make its own findings of fact and conclusions of law, we declare that the children are dependent on the Family Court, and we find that the children are unmarried and under 21 years of age, that reunification with one or both of their parents is not viable due to parental abandonment, and that it would not be in their best interests to return to Mexico (see Matter of Axel S.D.C. v Elena A.C., 139 AD3d at 1052).
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court