Matter of Norma U. v Herman T. R.F. (2019 NY Slip Op 01421)





Matter of Norma U. v Herman T. R.F.


2019 NY Slip Op 01421


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-09577
2018-09578
 (Docket Nos. G-6349-17, G-6350-17)

[*1]In the Matter of Norma U. (Anonymous), appellant,
v
Herman T. R.F. (Anonymous), et al., respondents.


Bruno J. Bembi, Hempstead, NY, for appellant.



DECISION & ORDER
In related guardianship proceedings pursuant to Family Court Act article 6, the petitioner appeals from two orders of the Family Court, Nassau County (Eileen Daly-Sapraicone, J.) (one as to each child), both dated June 22, 2018. The first order, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child Ana M. R. U. to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J). The second order, after a hearing, denied the petitioner's motion for the issuance of an order, inter alia, making specific findings so as to enable the child Francis M. R. U. to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the orders are reversed, on the facts, without costs or disbursements, the petitioner's motions for the issuance of orders, inter alia, making specific findings so as to enable the subject children to petition the United States Citizen and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J) are granted, and it is found that reunification of the children with their mother is not viable due to parental abandonment and that it would not be in the best interests of the children to return to Honduras, their previous country of nationality and last habitual residence.
In June 2017, Norma Urbina (hereinafter the petitioner) filed two related petitions pursuant to Family Court Act article 6 to be appointed as guardian of Ana M. R. U. and Francis M. R. U. (hereinafter together the children), for the purpose of obtaining orders declaring that the children are dependent on the Family Court and making specific findings so as to enable them to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). Thereafter, the petitioner moved for the issuance of orders, inter alia, making the requisite declaration and specific findings so as to enable the children to petition for SIJS. In two orders, both dated May 24, 2018 (one as to each child), the Family Court granted the guardianship petitions. In two orders, both dated June 22, 2018 (one as to each child), the court denied the motions, finding that although the children were under 21 years of age, unmarried, and dependent on the Family Court, the evidence did not establish that reunification of the children with one or both of their parents was not viable due to parental abandonment, neglect, or abuse. The petitioner appeals.
Pursuant to 8 USC § 1101(a)(27)(J) (as amended by the William Wilberforce [*2]Trafficking Victims Protection Reauthorization Act of 2008, Pub L 110-457, 122 US Stat 5044) and 8 CFR 204.11, a special immigrant is a resident alien who, inter alia, is under 21 years of age, unmarried, and dependent upon a juvenile court or legally committed to an individual appointed by a state or juvenile court. Additionally, for a child to qualify for SIJS, a court must find that reunification of the child with one or both parents is not viable due to parental abuse, neglect, abandonment, or a similar basis found under state law (see 8 USC § 1101[a][27][J][i]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d 619, 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d 793, 795), and that it would not be in the child's best interests to be returned to his or her previous country of nationality or country of last habitual residence (see 8 USC § 1101[a][27][J][ii]; 8 CFR 204.11[c][6]; Matter of Maria P.E.A. v Sergio A.G.G., 111 AD3d at 620; Matter of Trudy-Ann W. v Joan W., 73 AD3d at 795).
"While the credibility assessment of a hearing court is accorded considerable deference on appeal, where, as here, the Family Court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court" (Matter of Dennis X. G. D. V., 158 AD3d 712, 714 [citations omitted]). Here, based upon our independent factual review, the record supports a finding that reunification of the children with their mother is not viable due to parental abandonment (see Matter of Alejandro V.P. v Floyland V.D., 150 AD3d 741, 743). The children testified that the mother left when they were both only three years old, and that they have not seen or spoken to the mother since that time. Thus, the record establishes that the mother has had no involvement with the children for the majority of their lives (see Matter of Alan S.M.C., 160 AD3d 721, 724; Matter of Alejandro V.P. v Floyland V.D., 150 AD3d at 743; Matter of Varinder S. v Satwinder S., 147 AD3d 854, 856).
Further, the record supports a finding that it would not be in the best interests of the children to return to Honduras, their previous country of nationality or country of last habitual residence (see Matter of Maura A.R.-R. [Santos F.R.—Fidel R.], 114 AD3d 687, 689). Francis testified that when the children lived with their paternal aunt in Honduras, they were "mistreat[ed] . . . emotionally and physically." The children testified that when they then went to live with their father and stepmother in Honduras, the stepmother beat them and "wouldn't give us food" when the father was not around, and that the stepmother was "verbally abusive," telling the children, among other things, that they were "good for nothing." The record reflects that the children had no one else to take care of them if they returned to Honduras. Consequently, the record demonstrates that it would not be in the best interests of the children to return to Honduras (see Matter of Marcelina M.-G. v Israel S., 112 AD3d 100, 114-115).
Accordingly, the Family Court should have granted the petitioner's motions for the issuance of orders making the requisite declaration and specific findings so as to enable the children to petition for SIJS. Since the record is sufficient for this Court to make its own findings of fact and conclusions of law, we find that reunification of the children with their mother is not viable due to parental abandonment, and that it would not be in the best interests of the children to return to Honduras, their previous country of nationality and last habitual residence.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court