■ In the Matter of CLIFFORD S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHEVON G., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DEMARIE G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHEVON G., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of AIDEN G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; CHEVON G., Appellant, et al., Respondent. (Proceeding No. 3.) [49 NYS3d 180]—Appeal by the father from an order of fact-finding of the Family Court, Queens County (Fran L. Lubow, J.), dated July 10, 2015. The order, insofar as appealed from, after a fact-finding hearing, found that the father abused the child Demarie G., and derivatively abused the children Clifford S. and Aiden G.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant (hereinafter the father) is the biological father of the subject children Demarie G. and Aiden G., and a person legally responsible for the subject child Clifford S. On December 27, 2013, Demarie, who was then approximately six months old, was admitted to a hospital, inter alia, with brain injury and retinal hemorrhaging consistent with "shaken baby syndrome," or abusive head trauma. He died on December 31, 2013. The New York City Administration for Children's Services (hereinafter the ACS) filed petitions against the father, among others, alleging that he had abused Demarie and derivatively abused Clifford and Aiden.

Contrary to the father's contentions, the ACS made a prima facie case of abuse with respect to Demarie (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *Matter of Jordan T.R. [David R.]*, 113 AD3d 861, 863 [2014]; *Matter of Samuel L.*, 52 AD3d 394 [2008]; *Matter of Infinite G.*, 11 AD3d 688, 689 [2004]). Once a prima facie case was established, a rebuttable presumption arose that the father was responsible for the abuse (*see Matter of Philip M.*, 82 NY2d at 246; *Matter of Jordan T.R. [David R.]*, 113 AD3d at 863). We agree with the Family Court that the father failed to rebut the presumption of culpability. Accordingly, the Family Court properly found that the ACS had established by a preponderance of the evidence that the father abused Demarie. Moreover, the Family Court properly determined that the father derivatively abused Clifford and Aiden (*see Matter of Davion E.*

*[Latoya E.]*, 139 AD3d 944, 946 [2016]; *Matter of Maria S. [Angelo S.]*, 135 AD3d 944, 945 [2016]; *Matter of Diamond K.*, 31 AD3d 553, 554 [2006]). Rivera, J.P., Roman, Miller and Duffy, JJ., concur.