Matter of Tazya B. (Curtis B.) (2020 NY Slip Op 01341)





Matter of Tazya B. (Curtis B.)


2020 NY Slip Op 01341


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-00500
 (Docket No. N-21877-15)

[*1]In the Matter of Tazya B. (Anonymous), appellant child. Administration for Children's Services, petitioner-appellant; Curtis B. (Anonymous), respondent.


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child, the appellant child.
James E. Johnson, Corporation Counsel, New York, NY (Carolyn Walther, Deborah E. Wassel, and Devin Slack of counsel), for petitioner-appellant.
Brooklyn Defender Services, Family Defense Practice, Brooklyn, NY (Amy Mulzer and Chas Budnick of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the subject child and the petitioner separately appeal from an order of the Family Court, Kings County (Alicea Elloras, J.), dated December 14, 2018. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father sexually abused the subject child, dismissed the petition.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, a finding is made that the father sexually abused the subject child, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and the issuance of a dispositional order thereafter.
"A child's prior out-of-court statements may provide the basis for a finding of abuse, provided that these hearsay statements are corroborated, so as to ensure their reliability'" (Matter of Alexis S. [Edward S.], 115 AD3d 866, 866, quoting Matter of Jada K.E. [Richard D.E.], 96 AD3d 744, 744; see Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 123; Matter of Nicole G. [Louis G.], 105 AD3d 956). "Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration" (Family Ct Act § 1046[a][vi]). " The Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated'" (Matter of Alexis S. [Edward S.], 115 AD3d at 867, quoting Matter of Nicole G. [Louis G.], 105 AD3d at 956; see Matter of Nicole V., 71 NY2d at 119; Matter of Zeeva M. [Abraham M.], 126 AD3d 799, 800; Matter of Jada K.E. [Richard D.E.], 96 AD3d at 744). Although deference is to be given to the hearing court's determinations as to credibility (see Matter of Andrew B. [Deborah B.], 73 AD3d 1036, 1036), where that court's credibility determination is not supported by the record, "this Court is free to make its own credibility assessments and overturn the determination of the hearing court" (Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 739).
Contrary to the Family Court's determination, the testimony of the petitioner's expert [*2]witnesses, including the validating expert witness (see Matter of Alexis S. [Edward S.], 115 AD3d at 867; Matter of Emani W. [Owana E.], 107 AD3d 815, 816), provided sufficient corroboration of the subject child's numerous and consistent out-of-court statements regarding the father's sexual abuse of her, and together with the testimony of the petitioner's caseworker, established by a preponderance of the evidence that the father sexually abused the child (see Family Ct Act § 1046[a][vi]; Matter of Mayra C. [Adan C.], 163 AD3d 808, 809-810; Matter of Kyle D. [Dwayne D.], 138 AD3d 835, 835-836). Further, the court failed to give sufficient consideration to the inconsistent and evasive nature of the father's testimony (see Matter of Adelia V. [Braun], 91 AD3d 659, 661).
Accordingly, in view of our finding of abuse, we remit the matter to the Family Court, Kings County, for a dispositional hearing and the issuance of a dispositional order thereafter.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court