Matter of Morgan R. (Patricia F.) (2020 NY Slip Op 02796)





Matter of Morgan R. (Patricia F.)


2020 NY Slip Op 02796


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13417 
2018-13418
 (Docket No. NA-3997-15)

[*1]In the Matter of Morgan R. (Anonymous). Administration for Children's Services, petitioner-respondent; Shanera F. (Anonymous), et al., respondents, Patricia F. (Anonymous), appellant.


Geanine Towers, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Cynthia Kao of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Patricia F. appeals from (1) an order of fact-finding of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated August 17, 2018, and (2) an order of disposition of the same court dated October 30, 2018. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that Patricia F. severely abused the subject child. The order of disposition, insofar as appealed from, after a dispositional hearing, was entered upon the order of fact-finding.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
Patricia F. is the maternal grandmother of the child, Morgan R., who was born in May 2015. From birth, the child and her mother lived with the maternal grandmother, who cared for the child daily. On August 29, 2015, the child, who was then three months old, was admitted to the hospital with, inter alia, brain injury and retinal hemorrhaging consistent with "shaken baby syndrome" or abusive head trauma. The child died on September 11, 2015. The petitioner commenced this proceeding against the maternal grandmother and others, alleging, inter alia, that she severely abused the child.
We agree with the Family Court's determination that the maternal grandmother was a person legally responsible for the child (see Matter of Trenasia J. [Frank J.], 25 NY3d 1001; Matter of Yolanda D., 88 NY2d 790; Matter of Jonah B. [Riva V.], 165 AD3d 790). Contrary to the maternal grandmother's contentions, the petitioner established a prima facie case of severe child abuse through its expert, who testified that, given the child's medical records showing no prior abnormalities, and the child's presenting to the emergency room with intracranial and subdural [*2]hemorrhages in multiple parts of the brain, cerebral edema, right retinal hemorrhaging, non-response to pain, and absence of any eye reflex, the child's injuries could only be the result of abusive head trauma from shaking (see Family Ct Act § 1046[a][ii]; Matter of Dashawn W. [Antoine N.], 21 NY3d 36; Matter of Mackenzie P.G. [Tiffany P.], 148 AD3d 1015; Matter of Kayden E. [Luis E.], 88 AD3d 1205). Once the petitioner established its prima facie case, a rebuttable presumption arose that the maternal grandmother was responsible for the severe abuse (see Matter of Philip M., 82 NY2d 238, 246; Matter of Clifford S. [Chevon G.], 148 AD3d 1159, 1159; Matter of Jordan T.R. [David R.], 113 AD3d 861, 863).
We agree with the Family Court that the maternal grandmother failed to rebut the presumption of culpability. Accordingly, we agree with the court's determination that the petitioner established by clear and convincing evidence that the maternal grandmother severely abused the child.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court