Matter of Zamir F. (Ricardo B.) (2021 NY Slip Op 02391)





Matter of Zamir F. (Ricardo B.)


2021 NY Slip Op 02391


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
HECTOR D. LASALLE
BETSY BARROS
PAUL WOOTEN, JJ.


2019-13102
 (Docket Nos. N-24159-17, N-24261-17, N-24262-17, N-24263-17, N-24264-17)

[*1]In the Matter of Zamir F. (Anonymous). Administration for Children's Services, appellant; Ricardo B. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Elijah B. (Anonymous). Administration for Children's Services, appellant; Ricardo B. (Anonymous), respondent. (Proceeding No. 2.)
In the Matter of Jordan B. (Anonymous). Administration for Children's Services, appellant; Ricardo B. (Anonymous), respondent. (Proceeding No. 3.)
In the Matter of Jeremiah B. (Anonymous). Administration for Children's Services, appellant; Ricardo B. (Anonymous), respondent. (Proceeding No. 4.)
In the Matter of Messiah B. (Anonymous). Administration for Children's Services, appellant; Ricardo B. (Anonymous), respondent. (Proceeding No. 5.)


James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Deborah E. Wassel of counsel), for appellant.
Catherine S. Bridge, Staten Island, NY, for respondent.
Joan N. G. James, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated November 12, 2019. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father neglected the child Zamir F. and derivatively neglected the children Elijah B., Jordan B., Jeremiah B., and Messiah B., dismissed the amended petition as to the child Zamir F. and the petitions as to the children Elijah B., Jordan B., Jeremiah B., and Messiah B.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the amended petition as to the child Zamir F. and the petitions as to the children Elijah B., Jordan B., Jeremiah B., and Messiah B. are reinstated, a finding is made that the father neglected the child Zamir F. by sexually abusing that child and derivatively neglected the children Elijah B., Jordan B., Jeremiah B., and Messiah B., and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and the issuance of a dispositional order thereafter.
The Administration for Children's Services (hereinafter the petitioner) commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the father neglected the child Zamir F. by sexually abusing him and derivatively neglected the children Elijah B., Jordan B., Jeremiah B., and Messiah B. After a fact-finding hearing, the Family Court found, among other things, that the petitioner failed to establish that the father neglected Zamir by sexually abusing him and derivatively neglected Elijah, Jordan, Jeremiah, and Messiah, and dismissed the amended petition as to Zamir and the petitions as to the other children. The petitioner appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Ariana M. [Edward M.], 179 AD3d 923, 924). A child's prior out-of-court statements may provide the basis for a finding that the child was sexually abused, "provided that these hearsay statements are corroborated, so as to ensure their reliability" (Matter of Tazya B. [Curtis B.], 180 AD3d 1039, 1040 [internal quotation marks omitted]; see Family Ct Act § 1046[a][vi]). "Any other evidence tending to support the reliability of the previous statements . . . shall be sufficient corroboration" (Family Ct Act § 1046[a][vi]). "The Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated" (Matter of Alexis S. [Edward S.], 115 AD3d 866, 867 [internal quotation marks omitted]). Although deference is to be given to the hearing court's determinations as to credibility (see Matter of Andrew B. [Deborah B.], 73 AD3d 1036), "where that court's credibility determination is not supported by the record, 'this Court is free to make its own credibility assessments and overturn the determination of the hearing court'" (Matter of Tazya B. [Curtis B.], 180 AD3d at 1040, quoting Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 739).
Contrary to the Family Court's determination, the testimony of the petitioner's expert in child sexual abuse provided sufficient corroboration of Zamir's out-of-court statements that he was sexually abused by the father (see Family Ct Act § 1046[a][vi]; Matter of Tazya B. [Curtis B.], 180 AD3d at 1040). Further, the reliability of Zamir's accusations that he was sexually abused by the father was buttressed by the testimony of case workers for the petitioner that Zamir's sibling had reported having been sexually abused by the father in the same location of the father's home as reported by Zamir, and that the sexual abuse reported by Zamir's sibling included the father making that child touch the father's penis in a similar manner.
The father did not testify at the hearing but presented the testimony of a competing expert. Although deference is afforded to the credibility determinations of a hearing court, this Court is not bound by those assessments, and we find that the Family Court's decision to credit the testimony of the father's expert over that of the petitioner's expert is not supported by the record (see Matter of Serenity S. [Tyesha A.], 89 AD3d at 739). The father's expert frequently engaged in speculation and failed to address the testimony of the petitioner's expert, which the father's expert acknowledged she had not reviewed. The father's expert speculated that the petitioner's expert tainted her interviews with Zamir by engaging in "play" and "friendly" discussion, which the father's expert acknowledged was valuable to "build[ ] rapport" with a child, without pointing to any specific examples of how this behavior inappropriately influenced the interviews. The father's expert also speculated that "maybe family members influenced [Zamir] . . . to fabricate" his claims of sexual abuse and that the petitioner's expert failed to "explore[ ]" the possibility of "other alternatives." This testimony by the father's expert failed to address the testimony of the petitioner's expert that she, in fact, tested "alternative hypothesis [sic]" to determine if, inter alia, "somebody put this into his head to say this," and found "absolutely no evidence of coaching." Further, the father's expert speculated that Zamir failed to understand "the difference between truth and lie" and that the [*2]petitioner's expert failed to "do a truth/lie assessment." This testimony by the father's expert failed to address the testimony of the petitioner's expert that she placed an "emphasis [on] telling the truth" and made sure "we both agree[d] to tell each other the truth when we're talking." While the father's expert also emphasized that the petitioner's expert asked Zamir about "an allegation related to oral sex," which was not reported by Zamir during any of the interviews, there is no reasonable possibility that the reference of the petitioner's expert to that conduct, after Zamir had already reported other sexual abuse during the interviews, could have caused Zamir to fabricate his claims. Moreover, the court, which had the opportunity to view the videotaped interviews conducted by the petitioner's expert, found that "Zamir appeared to be confident in his statements that his father made him touch [the father's] penis."
Consequently, we find that the petitioner established by a preponderance of the evidence that the father neglected Zamir by sexually abusing him. The Family Court's finding that there was no evidence presented of "age-inappropriate sexual knowledge" by Zamir is not supported by the record, since the then five-year-old child made an "up down" motion with his hands during the interviews with the petitioner's expert to demonstrate how he was made to touch the father's penis (see Matter of Skyler D. [Joseph D.], 185 AD3d 1515, 1516). Further, the court's finding that there was no evidence presented that the child displayed any "psychological or behavioral characteristics" indicative of having been sexually abused is not supported by the record. The petitioner's expert testified that Zamir was "engaging" when talking about anything other than the sexual abuse, but used "less words per sentence," without maintaining eye contact, and became "squirmy" when discussing the sexual abuse, and that "[i]t was very easy to see that he was not comfortable discussing th[at] topic." In addition, the court's speculation that Zamir fabricated the claims of sexual abuse because he was angry at the father for other matters is not supported by the record. Accordingly, the court should have found that the father neglected Zamir by sexually abusing him.
Furthermore, we find that the evidence adduced at the hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the father's understanding of his duties as a parent and such an impaired level of judgment as to create a substantial risk of harm for any child in his care, and thus, the Family Court should have found that the father derivatively neglected Elijah, Jordan, Jeremiah, and Messiah (see Matter of Cashmere T. [Andrew S.], 161 AD3d 1177, 1179; Matter of Arcis A.R.-M. [Alton T.Y.], 148 AD3d 1156, 1157).
Accordingly, we reverse the order, reinstate the amended petition as to Zamir and the petitions as to Elijah, Jordan, Jeremiah, and Messiah, find that the father neglected Zamir by sexually abusing him and derivatively neglected Elijah, Jordan, Jeremiah, and Messiah, and remit the matter to the Family Court, Kings County, for a dispositional hearing and the issuance of a dispositional order thereafter.
AUSTIN, J.P., LASALLE, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court