Matter of Tarahji N. (Bryan N.--Divequa C.) (2021 NY Slip Op 05125)





Matter of Tarahji N. (Bryan N.--Divequa C.)


2021 NY Slip Op 05125


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2020-00476
 (Docket Nos. N-6586-2017, N-6587-2017, N-6588-2017, N-6589-2017, N-6590-2017, N-11440-2017)

[*1]In the Matter of Tarahji N. (Anonymous). Administration for Children's Services, petitioner- appellant-respondent; 
and
Bryan N. (Anonymous), respondent, Divequa C. (Anonymous), respondent-appellant. (Proceeding No. 1)
In the Matter of Shyla P. (Anonymous).Administration for Children's Services, petitioner-appellant-respondent; 
and
Bryan N. (Anonymous), respondent, Divequa C. (Anonymous), respondent-appellant. (Proceeding No. 2)
In the Matter of Amir P. (Anonymous). Administration for Children's Services, petitioner- appellant-respondent; 
and
Bryan N. (Anonymous), respondent, Divequa C. (Anonymous), respondent-appellant. (Proceeding No. 3)
In the Matter of Kamiah P. (Anonymous). Administration for Children's Services, petitioner- appellant-respondent; 
and
Bryan N. (Anonymous), respondent, Divequa C. (Anonymous), respondent-appellant. (Proceeding No. 4)
In the Matter of Layha H. (Anonymous). Administration for Children's Services, petitioner- appellant-respondent; 
and
Bryan N. (Anonymous), respondent,
Divequa C. (Anonymous), respondent-appellant. (Proceeding No. 5)
In the Matter of Zuri N. (Anonymous). Administration for Children's Services, petitioner- appellant-respondent; 
Bryan N. (Anonymous), respondent, Divequa C. (Anonymous), respondent-appellant. (Proceeding No. 6)


Georgia M. Pestana, Corporation Counsel, New York, NY (John Moore and Cynthia Kao of counsel), for petitioner-appellant-respondent.
Heath J. Goldstein, Jamaica, NY, for respondent-appellant.
Michele Cortese, New York, NY (Emily S. Wall of counsel), for respondent.
Richard L. Herzfeld, New York, NY, attorney for the children Tarahji N. and Zuri N.
Warren S. Hecht, Forest Hills, NY, attorney for the children Amir P., Kamiah P., and Layha H.
Lewis S. Calderon, Jamaica, NY, attorney for the child Shyla P.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals, and the mother cross-appeals, from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated December 27, 2019. The order, insofar as appealed from, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that Bryan N. abused the child Shyla P. and derivatively abused the children Amir P., Kamiah P., Layha H., Tarahji N., and Zuri N., dismissed the amended petitions insofar as asserted against Bryan N. The order, insofar as cross-appealed from, after a fact-finding hearing, found that the mother neglected the children Amir P. and Shyla P., and derivatively neglected the children Kamiah P., Layha H., Tarahji N., and Zuri N., by inflicting excessive corporal punishment on the children Amir P. and Shyla P., found that the mother neglected the children Amir P., Shyla P., and Kamiah P., by failing to supply them with an adequate education, and found that the mother neglected the child Shyla P. by failing to supply her with adequate medical care.
ORDERED that the order is modified, on the facts, (1) by deleting the provision thereof dismissing the amended petitions insofar as asserted against Bryan N., and substituting therefor a provision finding that Bryan N. abused the child Shyla P., and derivatively abused the children Amir P., Kamiah P., Layha H., Tarahji N., and Zuri N., and (2) by deleting the provision thereof finding that the mother neglected the child Amir P. by inflicting excessive corporal punishment on him; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing and dispositions thereafter.
The petitioner, Administration for Children's Services (hereinafter ACS), commenced these proceedings pursuant to Family Court Act article 10 against the mother of the subject children, and her paramour, Bryan N., a "person legally responsible" for the children Shyla P., Amir P., Kamiah P., and Layha H. (Family Ct Act § 1012[g]), and the father of the children Tarahji N. and Zuri N. The amended petitions alleged that Bryan sexually abused the child Shyla, and derivatively abused the children Amir, Kamiah, Layha, Tarahji, and Zuri, based upon his sexual abuse of Shyla. The amended petitions further alleged that the mother neglected the children Shyla and Amir by inflicting excessive corporal punishment on them, and derivatively neglected the other subject children on that basis. In addition, the amended petitions alleged that the mother neglected the children Shyla, Amir, and Kamiah by failing to supply them with an adequate education, and neglected the child Shyla by failing to supply her with adequate medical care.
After a fact-finding hearing, the Family Court found that ACS failed to meet its burden of proof on the amended petitions insofar as asserted against Bryan and dismissed those branches of the amended petitions. ACS appeals from this portion of the order. The court further found that the mother neglected and derivatively neglected the subject children in accordance with the allegations just described. The mother cross-appeals from this portion of the order.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject children have been abused or neglected (see Family Ct Act § 1046[b][i]; Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601). "Although deference is to be given to the hearing court's determinations as to credibility, where that court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the [*2]determination of the hearing court" (Matter of Zamir F. [Ricardo B.], 193 AD3d 932, 934 [citation and internal quotation marks omitted]).
Here, the Family Court's finding that ACS failed to prove, by a preponderance of the evidence, that Bryan sexually abused Shyla is not supported by the record. Shyla described in detail at the fact-finding hearing the incidents of abuse by Bryan, which testimony sufficiently corroborated her out-of-court descriptions of the abuse (see Matter of Josue M. [Pascaul A.], 101 AD3d 1012; Matter of Alaysha E. [John R.E.], 94 AD3d 988, 989). Inconsistencies in Shyla's testimony as to peripheral details, such as timing and the presence of other individuals in the home at the time of the abuse, did not detract from Shyla's consistent and credible description of the core conduct constituting the abuse, particularly considering the child's age at the time of these events (see Matter of Lauryn H. [William A.], 73 AD3d 1175, 1176-1177; Matter of Jasmine A., 18 AD3d 546, 548). Further, Shyla's previous, out-of-court recantation of her allegations was sufficiently explained by the indirect threats she received from her own family members (see Matter of Dayannie I.M. [Roger I.M.], 138 AD3d 747, 749; Matter of Tristan R., 63 AD3d 1075, 1077).
Accordingly, we find that the petitioner established by a preponderance of the evidence that Bryan abused Shyla (see Matter of Zamir F. [Ricardo B.], 193 AD3d 932; Matter of Tristan R., 63 AD3d at 1078). Furthermore, we find that the evidence adduced at the hearing demonstrated, by a preponderance of the evidence, a fundamental defect in Bryan's understanding of his duties as a parent and person legally responsible for children, and such an impaired level of judgment, as to create a substantial risk of harm for any child in his care (see Matter of Zamir F. [Ricardo B.], 193 AD3d 932). Thus, the Family Court should have found that Bryan derivatively neglected Amir, Kamiah, Lahya, Tarahji, and Zuri (see id. at 935-936; Matter of Brianna M. [Corbert G.], 152 AD3d at 602).
The Family Court's finding that the petitioner demonstrated, by a preponderance of the evidence, that the mother neglected Amir by inflicting excessive corporal punishment on him, also is not supported by the record. While the use of excessive corporal punishment constitutes neglect, "[p]arents have a right to use reasonable physical force against a child in order to maintain discipline or to promote the child's welfare" (Matter of Anastasia L.D. [Ronald D.], 113 AD3d 685, 686; see Matter of Myiasha K.D. [Marcus R.], 193 AD3d 850, 851). Here, ACS offered evidence of a single instance in which the mother hit Amir's arm with a belt to discipline him after he was caught shoplifting, and failed to sufficiently demonstrate that marks observed on Amir were the result of being hit with the belt by the mother. Under the circumstances, ACS failed to establish that the mother's conduct rose to the level of neglect or that she exhibited a pattern of inflicting excessive corporal punishment on Amir (see Matter of Myiasha K.D. [Marcus R.], 193 AD3d at 851).
However, the Family Court's finding that the mother neglected Shyla by inflicting excessive corporal punishment on her was supported by the record, which included evidence that, on one occasion, the mother struck Shyla with her hands multiple times and bit Shyla's finger, leaving marks and injuries observed by caseworkers and necessitating medical treatment (see Matter of Matthew M. [Fatima M.], 109 AD3d 472, 473; Matter of Isaiah S., 63 AD3d 948, 949). Furthermore, this evidence was sufficient to support the court's determination that Kamiah, Layha, Tarahji, and Zuri were derivatively neglected (see Matter of Matthew M. [Fatima M.], 109 AD3d at 473).
Lastly, the record likewise supports the finding that Shyla, Amir, and Kamiah were neglected as a result of the mother's failure to supply them with an adequate education (see Family Ct Act § 1012[f][i][A]; Matter of Nevetia M. [Tiara M.], 184 AD3d 836, 838; Matter of Patrick S., 52 AD3d 837), and that Shyla was neglected as a result of the mother's failure to supply her with adequate medical care (see Family Ct Act § 1012[f][i][A]; Matter of Maurice R. [Darlene R.], 157 AD3d 798, 800).
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court