Matter of Tahleek G. (Shakara C.) (2023 NY Slip Op 01190)

Matter of Tahleek G. (Shakara C.)

2023 NY Slip Op 01190

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2021-04672 
2021-04674
2022-01927
 (Docket Nos. N-5848-16, N-5849-16, N-5850-16, N-5851-16)

[*1]In the Matter of Tahleek G. (Anonymous). Administration for Children's Services, respondent; 
and
Shakara C. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Harmony J. (Anonymous). Administration for Children's Services, respondent; Shakara C. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Jahmire C. (Anonymous). Administration for Children's Services, respondent; Shakara C. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Jacquan C. (Anonymous). Administration for Children's Services, respondent; Shakara C. (Anonymous), appellant. (Proceeding No. 4)

Amy J. Barrett, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Diana Lawless of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Rachel J. Stanton of counsel), attorney for the children Jahmire C. and Jacquan C.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline D. Williams, J.), dated June 4, 2021, (2) an order of disposition of the same court dated June 17, 2021, and (3) an order of disposition of the same court, also dated June 17, 2021. The order of fact-finding, insofar [*2]as appealed from, after a fact-finding hearing, found that the mother abused the child Jacquan C. and derivatively abused the child Jahmire C. The first order of disposition, insofar as appealed from, upon the order of fact-finding and after a dispositional hearing, released the children Jacquan C. and Jahmire C. to the custody of their father. The second order of disposition released the child Tahleek G. to the custody of a person legally responsible for his care at the time of the filing of the petition.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the portions of the order of fact-finding appealed from were superseded by the first order of disposition and are brought up for review on the appeal from the first order of disposition; and it is further,
ORDERED that the appeal from the second order of disposition is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the first order of disposition is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother abused the child Jacquan C. by allowing a sex offense to be committed against him (see id. § 1012[e][iii]), and derivatively abused the child Jahmire C. After a fact-finding hearing, the Family Court, among other things, found that ACS had established that the mother abused Jacquan C. and derivatively abused Jahmire C. In an order of disposition dated June 17, 2021, the court, inter alia, released Jacquan C. and Jahmire C. to the custody of their father. The mother appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Vered L. [Yoshi S.], 205 AD3d 1028, 1029; Matter of Ariana M. [Edward M.], 179 AD3d 923, 924). The Family Court's findings with respect to credibility are entitled to great weight (see Matter of Brianna M. [Corbert G.], 152 AD3d 600, 601; Matter of Desiree P. [Michael H.], 149 AD3d 841, 841).
Contrary to the mother's contention, ACS established, by a preponderance of the evidence, that the mother abused Jacquan C., inter alia, through the testimony of a psychologist who interviewed Jacquan C. and his sibling (see Matter of Destiny R. [Rene G.], 212 AD3d 629; Matter of Osher W. [Moshe W.], 198 AD3d 904, 906-907; Matter of Zamir F. [Richardo B.], 193 AD3d 932, 934-935; see also Matter of Tristan R., 63 AD3d 1075, 1076).
In addition, the Family Court's determination that the mother derivatively abused Jahmire C. was supported by a preponderance of the evidence. "[P]roof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent" (Family Ct Act § 1046[a][i]). The focus of the inquiry with respect to derivative findings is whether the evidence of abuse or neglect of another child or children demonstrates such an impaired level of parental judgment so as to create a substantial risk of harm for the other child or children in the parent's care (see Matter of Marino S., 100 NY2d 361, 374; Matter of Kristina I. [Al Quran F.], 163 AD3d 565, 567).
The evidence adduced at the fact-finding hearing demonstrated, by a preponderance of the evidence, a fundamental defect in the mother's understanding of the duties of a parent and such an impaired level of judgment as to create a substantial risk of harm for any child in her care (see Matter of Osher W. [Moshe W.], 198 AD3d at 906-907; Matter of Zamir F. [Ricardo B.], 193 AD3d at 934-935).
The mother's appeal from a second order of disposition dated June 17, 2021, relating to the child Tahleek G., must be dismissed as abandoned, as the brief filed by the mother does not seek reversal or modification of any portion of that order (see Matter of Nickel v Nickel, 172 AD3d 1210, 1211; Matter of Pepe v Pepe, 124 AD3d 898).
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court