Matter of Landon K. (Stephanie K.) (2025 NY Slip Op 03191)

Matter of Landon K. (Stephanie K.)

2025 NY Slip Op 03191

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-06558 
2023-09607
2023-10016
 (Docket Nos. N-8852-22, N-8853-22)

[*1]In the Matter of Landon K. (Anonymous). Nassau County Department of Social Services, respondent; Stephanie K. (Anonymous), et al., appellants. (Proceeding No. 1)
In the Matter of Mackenzie K. (Anonymous). Nassau County Department of Social Services, respondent; Stephanie K. (Anonymous), et al., appellants. (Proceeding No. 2)

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellants.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent.
Donna M. McCabe, Garden City, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother and the father appeal from (1) an order of fact-finding of the Family Court, Nassau County (Robin M. Kent, J.), dated June 22, 2023, (2) an order of fact-finding and disposition of the same court dated September 7, 2023, and (3) a corrected order of fact-finding and disposition of the same court dated October 3, 2023. The order of fact-finding, after a fact-finding hearing, found that the mother and the father abused the child Mackenzie K. and derivatively neglected the child Landon K. The order of fact-finding and disposition and the corrected order of fact-finding and disposition, insofar as appealed from, found that the mother and the father abused the child Mackenzie K. and derivatively neglected the child Landon K.
ORDERED that the appeals from the order of fact-finding and the order of fact-finding and disposition are dismissed, as those orders were superseded by the corrected order of fact-finding and disposition and are brought up for review on the appeal from the corrected order of fact-finding and disposition; and it is further,
ORDERED that the corrected order of fact-finding and disposition is reversed insofar as appealed from, on the facts, the order of fact-finding and the order of fact-finding and disposition [*2]are vacated, the petitions are denied, and the proceedings are dismissed; and it is further,
ORDERED that one bill of costs is awarded to the mother and the father.
In November 2022, the child Mackenzie K., who was then five weeks old, was brought to the emergency room of a hospital because she was exhibiting seizure-like activity and extreme irritability. Upon admission to the hospital, Mackenzie K. tested positive for COVID-19, and medical testing and evaluations revealed, among other conditions, bilateral acute subdural hematomas, subdural hemorrhages, and retinal hemorrhages. The petitioner, Nassau County Department of Social Services, commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother and the father (hereinafter together the appellants) abused Mackenzie K. and derivatively neglected their older son, the child Landon K. After a fact-finding hearing, the Family Court found that the petitioner established by a preponderance of the evidence that the appellants abused Mackenzie K. and derivatively neglected Landon K. These appeals ensued.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see Family Court Act § 1046[b][i]). A prima facie case of child abuse may be established by evidence of "(1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243; see Family Court Act § 1046[a][ii]). Once the petitioner has made a prima facie case of abuse, the respondents may challenge the establishment of the prima facie case by presenting evidence to "(1) establish that during the time period when the child was injured, the child was not in respondent's care; (2) demonstrate that the injury or condition could reasonably have occurred accidentally, without the acts or omissions of respondent; or (3) counter the evidence that the child had the condition which was the basis for the finding of injury" (Matter of Philip M., 82 NY2d at 244-245 [citations omitted]).
Here, contrary to the appellants' contentions, the petitioner made a prima facie case of abuse. At the fact-finding hearing, the petitioner presented evidence, including medical records and expert testimony, that while Mackenzie K. was in the appellants' care, she sustained certain injuries, including subdural hemorrhages and retinal hemorrhages, which ordinarily would not occur absent an act or omission of the respondents (see Matter of Clifford S. [Chevon G.], 148 AD3d 1159, 1159; Matter of Jordan T.R. [David R.], 113 AD3d 861, 863).
However, contrary to the petitioner's contentions, the appellants presented sufficient evidence to rebut the petitioner's prima facie case of abuse, through the testimony of their expert witnesses (see Matter of Liana HH. [Christopher HH.], 165 AD3d 1386, 1389; Matter of Miguel G. [Navil G.], 134 AD3d 711, 712; Matter of Tyler S. [Melissa J.], 103 AD3d 731, 733-734). The appellants' experts opined that the injuries sustained by Mackenzie K. were not intentionally inflicted, as there were no external injuries, her "bridging veins" were not torn or bleeding, which would have occurred if she had been shaken, and the patterns and amount of bleeding in the brain, along with the location of the subdural hemorrhages, were inconsistent with "shaken baby syndrome." The appellants' experts put forth a reasonable explanation for Mackenzie K.'s injuries by opining that she suffered a stroke, which could have been caused by subdural bleeding sustained during birth, and that her subsequent COVID-19 infection could have prevented this injury from healing, and could have contributed to clotting and rebleeding in her brain. Although deference is to be given to the Family Court's credibility determinations, this Court is not bound by those assessments, and we find that the court's decision to credit the testimony of the petitioner's experts over that of the appellants' experts is not supported by the record (see Matter of Zamir F. [Ricardo B.], 193 AD3d 932, 934; Matter of Tazya B. [Curtis B.], 180 AD3d 1039, 1040; Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 739). Moreover, the record demonstrates that the appellants are concerned parents who promptly sought medical assistance for Mackenzie K. and were cooperative and forthcoming with information throughout these proceedings (see Matter of Philip M., 82 NY2d at 246; Matter of Jordan T.R. [David R.], 113 AD3d at 863-864; Matter of Tyler S. [Melissa J.], 103 [*3]AD3d at 734).
Accordingly, the petitioner failed to demonstrate by a preponderance of the evidence that the appellants abused Mackenzie K. and derivatively neglected Landon K.
The appellants' remaining contentions need not be reached in light of our determination.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court