Matter of Zerina H. (Tishana W.) (2026 NY Slip Op 00509)

Matter of Zerina H. (Tishana W.)

2026 NY Slip Op 00509

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-08006
2024-08007
 (Docket No. N-24344-22)

[*1]In the Matter of Zerina H. (Anonymous). Administration for Children's Services, appellant- respondent; Tishana W. (Anonymous), respondent- appellant, Kirk H. (Anonymous), respondent.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Eva L. Jerome of counsel), for appellant-respondent.
Brooklyn Defender Services, Brooklyn, NY (Amy Mulzer and Emma Claire Alpert of counsel), for respondent-appellant.
Cheryl Charles-Duval, Brooklyn, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, (1) the petitioner appeals, and the mother cross-appeals, from an order of the Family Court, Kings County (Erik S. Pitchal, J.), dated August 15, 2024, and (2) the petitioner appeals from an order of the same court also dated August 15, 2024. The first order, insofar as appealed from, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the father abused or neglected the subject child, dismissed the petition insofar as asserted against the father and released the subject child to the father's custody under the petitioner's supervision pending the entry of an order of disposition as to the mother. The first order, insofar as cross-appealed from, found that the mother abused and neglected the subject child. The second order dismissed the petition insofar as asserted against the father.
ORDERED that the first order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the first order is reversed insofar as cross-appealed from, on the facts, without costs or disbursements, the petition is denied insofar as asserted against the mother, and the proceeding is dismissed insofar as asserted against the mother; and it is further,
ORDERED that the second order is affirmed, without costs or disbursements.
In December 2022, the subject child, who was then two months old, was brought to a hospital emergency room because she had a fever and was exhibiting seizure-like activity. Upon [*2]the child's admission to the hospital, evaluations and testing revealed that the child had, among other conditions, subdural hematomas and a parenchymal hemorrhage without any external injuries or retinal hemorrhages. The petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the mother and the father abused and neglected the child. Specifically, the petition alleged, inter alia, that the child sustained injuries consistent with abusive head trauma, otherwise known as "shaken baby syndrome." After a fact-finding hearing, the Family Court found that the petitioner established by a preponderance of the evidence that the mother abused and neglected the child but failed to establish that the father abused or neglected the child. The court dismissed the petition insofar as asserted against the father and released the child to the father's custody under the petitioner's supervision pending the entry of an order of disposition as to the mother. The petitioner appeals, and the mother cross-appeals.
"At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected" (Matter of Elijah P. [Jane W.], 191 AD3d 984, 985; see Family Ct Act § 1046[b][i]). "Family Court Act § 1046(a)(ii) provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child that would ordinarily not occur absent an act or omission of the respondents, and (2) that the respondents were the caretakers of the child at the time the injury occurred" (Matter of Zoey D. [Simona D.], 148 AD3d 802, 803; see Matter of Philip M., 82 NY2d 238, 243). Once a petitioner has made a prima facie case of abuse, a respondent may rebut the evidence of culpability by presenting evidence to "(1) establish that during the time period when the child was injured, the child was not in [the] respondent's care; (2) demonstrate that the injury or condition could reasonably have occurred accidentally, without the acts or omissions of [the] respondent; or (3) counter the evidence that the child had the condition which was the basis for the finding of injury" (Matter of Philip M., 82 NY2d at 244-245 [citations omitted]). Nonetheless, "the burden of proof always remains with the petitioner" (Matter of Dallas P. [Allison P.], 185 AD3d 589, 591 [internal quotation marks omitted]). "Although deference is to be given to the hearing court's determinations as to credibility, where that court's credibility determination is not supported by the record, this Court is free to make its own credibility assessments and overturn the determination of the hearing court" (Matter of Zamir F. [Ricardo B.], 193 AD3d 932, 933-934 [citation and internal quotation marks omitted]; see Matter of Landon K. [Stephanie K.], 238 AD3d 1145, 1147; Matter of Tazya B. [Curtis B.], 180 AD3d 1039, 1040).
Here, the petitioner established a prima facie case of abuse by presenting evidence, including medical records and expert testimony, that the child was brought to the hospital with injuries, including subdural hematomas and a parenchymal hemorrhage, that were of such a nature as not to be accidental (see Matter of Landon K. [Stephanie K.], 238 AD3d at 1147; Matter of Jordan T.R. [David R.], 113 AD3d 861, 863).
However, contrary to the petitioner's contention, the mother presented sufficient evidence to rebut the petitioner's prima facie case of abuse through the testimony of her expert witness. The mother's expert opined that the injuries sustained by the child were not intentionally inflicted, as there were no external injuries and no retinal hemorrhages, and the patterns and amount of bleeding in the brain were inconsistent with "shaken baby syndrome." The mother's expert put forth a reasonable explanation for the child's injuries by opining that the child had a benign enlargement of the subdural space, which made her "bridging veins" susceptible to tearing by a trivial mechanism. According to the mother's expert, when the child's bridging veins tore, they caused an acute subdural hematoma, which irritated her cortex, resulting in a cascade of increasingly severe seizures. The mother's expert further opined that the child suffered a prolonged seizure that was not recognized, which led to a hypoxic ischemic event that in turn caused the child to suffer a stroke, and as a result of the stroke, the child suffered a parenchymal hemorrhage. By contrast, the petitioner's expert's opinion was less plausible. As such, we find that the Family Court's decision to credit the testimony of the petitioner's expert over that of the mother's expert is not supported by the record (see Matter of Landon K. [Stephanie K.], 238 AD3d at 1147; Matter of Zamir F. [Ricardo B.], 193 AD3d at 933-934; Matter of Tazya B. [Curtis B.], 180 AD3d at 1040). Moreover, the record demonstrates that the mother is a concerned parent who consistently sought medical attention [*3]for the child on multiple occasions in November 2022 when the child displayed symptoms (see Matter of Landon K. [Stephanie K.], 238 AD3d at 1147; Matter of Jordan T.R. [David R.], 113 AD3d at 864).
Accordingly, the petitioner failed to demonstrate by a preponderance of the evidence that the mother abused and neglected the child.
For the same reasons, the Family Court properly dismissed the petition insofar as asserted against the father (see Matter of Landon K. [Stephanie K.], 238 AD3d at 1147).
The petitioner's remaining contentions either need not be reached in light of our determination or are without merit.
DILLON, J.P., DOWLING, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court