Matter of Julia M.M. (Luis V.) (2026 NY Slip Op 01204)

Matter of Julia M.M. (Luis V.)

2026 NY Slip Op 01204

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-05970
 (Docket No. N-23721-22)

[*1]In the Matter of Julia M. M. (Anonymous). Administration for Children's Services, respondent; Luis. (Anonymous), appellant.

The Gilmer Law Firm PLLC, Brooklyn, NY (George Gilmer of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Devin Slack and Chloé K. Moon of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Zoë Allen of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.), dated June 25, 2024. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that the father abused and neglected the subject child.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
In November 2022, the Administration for Children's Services (hereinafter ACS) commenced this proceeding pursuant to Family Court Act article 10, alleging that the father sexually abused and neglected the subject child, who was born in 2014. After a fact-finding hearing, the Family Court found that the father sexually abused and neglected the child. The father appeals.
At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected (see id. § 1046[b][i]; Matter of Chance F. [Roy F.], 238 AD3d 1037, 1037). "Great deference is given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses having had the opportunity to view the witnesses, hear the testimony, and observe their demeanor" (Matter of Jaretzy F. [Jesus F.-F.], 240 AD3d 892, 893 [internal quotation marks omitted]; see Matter of Yeimi M. [Atilio C.], 224 AD3d 836, 836-837).
Here, ACS demonstrated, by a preponderance of the evidence, that the father sexually abused and neglected the child (see Family Ct Act § 1012[e][iii]; [f][i][B]; Penal Law § 130.65[3]). The child's testimony as to multiple instances of sexual abuse by the father was sufficient to support a finding of abuse and neglect (see Matter of Yeimi M. [Atilio C.], 224 AD3d at 837; Matter of [*2]Ciniya P. [Omar S.W.], 217 AD3d 954, 955).
Contrary to the father's contention, the child's in-court testimony did not require corroboration (see Matter of J.S. [M. Christian C.], 242 AD3d 680, 681; Matter of Kenyana D. [Kenneth D.], 229 AD3d 544, 545). Moreover, the child's testimony sufficiently corroborated her out-of-court descriptions of the abuse (see Matter of Tarahji N. [Bryan N.—Divequa C.], 197 AD3d 1317, 1319; Matter of Josue M. [Pascual A.], 101 AD3d 1012, 1013).
Contrary to the father's further contention, his intent to gain sexual gratification could be inferred from the nature of the conduct described by the child (see Penal Law § 130.00[3]; Matter of D.S. [Shaqueina W.], 147 AD3d 856, 857-858).
The Family Court's credibility determinations are supported by the record and will not be disturbed on appeal (see Matter of Cherli Q. [Mauricio C.], 231 AD3d 833, 834; Matter of Ashlyn M. [Robert J.], 228 AD3d 939, 941).
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court